UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KENNETH KIMBALL,**

      **Plaintiff,**

**v.**

**FLORIDA HEALTH SCIENCES CENTER,
INC. d/b/a TAMPA GENERAL HOSPITAL,
DR. JAMES W. DAVIS, DR. JEFFREY M.
NICHOLAS, DR. HANS W. SCHWEIGER,
DR. JOHN M. SARBAK, DR. PHILIP KIERNEY,
DR. LOUIS S. DELUCA, DR. HAGGERTY,
AND DR. LEVY,**

      **Defendants.**

**CASE NUMBER:**

8:02-CV-1759-T-27TGW

_____/

## COMPLAINT

**COMES NOW Plaintiff KENNETH KIMBALL,** through undersigned attorney, and

sues **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL**

**HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER,**

**DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND**

**DR. LEVY.**

## JURISDICTION

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 1331, and 1343

1

for claim under 42 U.S.C. § 1983, 1988.

## PARTIES

1.  **Plaintiff KENNETH KIMBALL** is a resident of the State of Florida residing in Hillsborough County, Florida.

2.  **Defendant FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL** is a non-profit corporation doing business in Hillsborough County, Florida. **Defendant FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL** operates Tampa General Hospital, a former public hospital that pursuant to state law has been designated a teaching hospital and is used by the agents of the State of Florida to further the state purpose of training medical doctors.

3.  **Defendants DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** are physicians who at the time complained of herein were employed through the Florida Board of Regents at the University of South Florida College of Medicine, a state created, and maintained institution.

## CLAIM FOR CIVIL RIGHTS VIOLATIONS

4.  That at all times relevant and material hereto there was contractual

2

relationship existing between **Defendant FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL**, and the State of Florida to provide medical training for medical students of the state medical schools.

5.    That at all times relevant, and material hereto the physicians, residents, and students of the University of South Florida College of Medicine were the agents of the State of Florida, acting under color of law, in rendering and/or failing to render care to **Plaintiff KENNETH KIMBALL**.

6.    **Plaintiff KENNETH KIMBALL** entered Tampa General Hospital on September 29, 1998 following motor vehicle accident.

7.    **Plaintiff KENNETH KIMBALL** remained a patient at Tampa General Hospital until February 25, 1999.

8.    That at the time of the admission of **Plaintiff KENNETH KIMBALL** to Tampa General Hospital the hospital was experiencing an above average incident of hospital acquired sacral pressure sores a fact which was fully known to **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY**.

9.    That as later documented in an in-house study, simple preventive

3

measures could have been taken to prevent the development of hospital acquired pressure sores.

10. That at the time of admission to Tampa General Hospital, **Plaintiff KENNETH KIMBALL** was a paraplegic, and totally dependent on the hospital staff and treating physicians to care for his welfare and safety.

11. That at the time **Plaintiff KENNETH KIMBALL** arrived at Tampa General Hospital on September 29, 1998 he was at high risk for skin breakdown due to his condition of ill-being.

12. That on or about September 30, 1998 **Plaintiff KENNETH KIMBALL** began to experience elevated temperatures, elevated white blood counts and positive sputum cultures.

13. That **Plaintiff KENNETH KIMBALL'S** temperature continued to elevate, and antibiotic therapy adjustments were made.

14. That, however, **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** did not request consult with an Infectious Disease Specialist, a basic request in a civilized society in the practice of modern medicine.

15. That instead through deliberate reflection **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES**

4

W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY did nothing even though Infectious Disease specialists were immediately available to attend **Plaintiff KENNETH KIMBALL.**

16.    That **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** continued to deliberately withhold proper medical treatment, and the sacral pressure sore became larger, and deeper with feces, and other contaminated matter infiltrating the wound site.

17.    That as a result of the deliberate reflective conduct of **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** that shocks the conscience in a civilized society, **Plaintiff KENNETH KIMBALL** developed Sepsis, systemic infection of the body, a condition which should never have been allowed to develop in a hospital.

18.    That **Plaintiff KENNETH KIMBALL** further suffered Adult Respiratory Distress

Syndrome (ARDS), Depression, and Nutritional deficits while hospitalized.

19.     That the hospital records on October 2, 1998 documented no skin breakdown.

20.     That on October 4, 1998 first documentation of skin breakdown.

21.     That on October 6, 1998 Stage III pressure ulcer documented.

22.     That on October 8, 1998 8 cm deep purple area on buttocks with open blistered areas of full thickness noted.

23.     That thereafter **Plaintiff KENNETH KIMBALL'S** condition of ill-being continued to worsen.

24.     That on October 26, 1998 Dr. Levy, a neurosurgeon, ordered consult with USF Plastics Surgery Department regarding "huge sacral decubitus."

25.     That the condition of **Plaintiff KENNETH KIMBALL** continued to decline, and the **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** consciously and intentionally failed to intervene to protect the welfare of **Plaintiff KENNETH KIMBALL** despite their knowledge that failure to do so would result in death or serious permanent bodily injury to **Plaintiff**

KENNETH KIMBALL.

26.   That **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** had the opportunity for deliberation or reflection of the consequences of their failure to act to protect **Plaintiff KENNETH KIMBALL.**

27.   That despite time for deliberation or reflection **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** still intentionally and/or with reckless disregard did fail to protect and/or intervene to protect **Plaintiff KENNETH KIMBALL** from death or serious permanent bodily harm.

28.   That the **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** allowed the sacral pressure sore to go untreated and untended until **Plaintiff KENNETH KIMBALL** developed bone infection, and allowed the sore to become so large as to expose a deep cavity in his buttocks which

7

required muscle tissue to be taken, and skin sewn in flaps to cover the wound.

29. That during the hospitalization at Tampa General Hospital **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** allowed **Plaintiff KENNETH KIMBALL** to develop Stage III pressure ulcers in the occipital region of the head.

30. That **Plaintiff KENNETH KIMBALL** was so abused that the **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** allowed the surgical wound to breakdown and become infected resulting in multiple surgeries.

31. That **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** allowed the sacral pressure sore to develop into a barbaric and Frankenstein-like patching of **Plaintiff KENNETH KIMBALL'S** body as a result of conscious

deliberate failure to help **Plaintiff KENNETH KIMBALL**. (See Exhibit 1 attached hereto)

32.   That **Defendants DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** at all times relevant and material hereto were under contract and employed by the State of Florida and as such were acting as agents of the State of Florida acting under color of state law.

33.   That **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** acted in joint enterprise in treating **Plaintiff KENNETH KIMBALL** while hospitalized in Tampa General Hospital.

34.   That **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** acting in concert and conspiracy, caused **Plaintiff KENNETH KIMBALL**, while admitted to Tampa General Hospital to be subject to intentional and/or grossly reckless conduct that threatened his life and welfare.

9

35.     That the joint conduct of **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** will cause **Plaintiff KENNETH KIMBALL** to suffer permanent disfigurement, and embarrassment as a result of the gross and shocking treatment and/or acts and/or omissions of the **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY.**

36.     That the conduct of **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** shocks the conscience in a civilized society, and is totally without justification for any human being to be treated in such manner.

37.     That the rendering of any and all barbaric medical care and treatment and/or withholding medical care and treatment was the result of actual deliberation.

38.     That **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA**

GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY acted with deliberate indifference in the barbaric and grotesque treatment of **Plaintiff KENNETH KIMBALL** in order to cover up their medical failure.

39. That **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** mutilated the body of **Plaintiff KENNETH KIMBALL** while hospitalized at Tampa General Hospital.

40. That although the agents, employees, and/or servants of **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL** were primarily responsible for the physical custody of **Plaintiff KENNETH KIMBALL**, a paralyzed individual totally dependent upon the agents of the State of Florida for his life and welfare, **Defendant DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** shockingly failed to protect **Plaintiff KENNETH KIMBALL** from the harm caused by the agents, employees, and servants of **Defendant FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a**

11

TAMPA GENERAL HOSPITAL.

41.     That **Defendants DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** further failed to report the abuse of **Plaintiff KENNETH KIMBALL**, a disabled person, as defined in Chapter 825, Florida Statutes, and affirmatively seek protection for him.

42.     That Chapter 825, Florida Statutes, define "caregiver" as a person who has been entrusted with or has assumed responsibility for the care or the property of an elderly person or disabled adult.

43.     That in Chapter 825, Florida Statutes, the term "caregiver" includes health care providers.

44.     That Section 825.102(3)(a)(2), obligated **Defendants DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** to make reasonable effort to protect **Plaintiff KENNETH KIMBALL** from abuse at the hands of the agents, employees, and servants of **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL.**

45.     That the conduct of **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR.**

12

JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY shocks the conscience, and the behavior of **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, , DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** is so egregious, so outrageous as to violate the decencies of civilized conduct.

46.    That **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** acted with deliberate indifference with full appreciation of the consequences of their arbitrary and capricious medical care and treatment best left to rats, dogs, and other animals in laboratories.

47.    That in doing the acts and/or omissions complained of **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** were joint conspirators engaged in conduct designed and intended to deny and deprive

13

Plaintiff **KENNETH KIMBALL** of rights guaranteed under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America and the laws of the United States of America.

48.     That as a direct consequences and result of the acts of **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY, Plaintiff KENNETH KIMBALL** suffered injury and damages.

**WHEREFORE, Plaintiff KENNETH KIMBALL** demands judgment for damages, both compensatory and punitive, against **Defendants FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a TAMPA GENERAL HOSPITAL, DR. JAMES W. DAVIS, DR. JEFFREY M. NICHOLAS, DR. HANS W. SCHWEIGER, DR. JOHN M. SARBAK, DR. PHILIP KIERNEY, DR. LOUIS S. DELUCA, DR. HAGGERTY, AND DR. LEVY** award of attorney's fees, costs, and such other relief as the Court deems appropriate.

NATHANIEL W. TINDALL, II
The Law Office of Nathaniel W. Tindall, II
205 West Dr. M.L. King, Jr., Boulevard

14

Suite 103
Tampa, Florida 33603
Telephone Number: 813/237-3560
Florida Bar Number: 176524